**GOODMAN LAW FIRM, APC**

**Brett B. Goodman** (SBN 260899)
11440 W. Bernardo Ct., Suite 300
San Diego, CA 92127
858.757.7262 Direct
858.757.7270 Facsimile
brett@goodmanlawapc.com

Attorneys for Defendant
AFNI, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALARCON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AFNI, INC., SPRINT CORPORATION, and T-MOBILE USA, INC.,<br><br>　　　　Defendants. | CASE NO.: 2:22-cv-7831-MEMF-KS<br><br>**DEFENDANT AFNI, INC.'S ANSWER TO THE COMPLAINT** |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant AFNI, Inc. ("AFNI") and files its Answer to Plaintiff Jose Alarcon ("Plaintiff")'s Complaint as follows:

## INTRODUCTION

1. AFNI admits Plaintiff brings an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "RFDCPA"), and the California Identity Theft Law, Cal. Civ. Code §§ 1798.92, *et seq.* (the "CITL"). AFNI denies any violation of these statutes. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

2. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. AFNI admits Plaintiff brings an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "RFDCPA"), and the California Identity Theft Law, Cal. Civ. Code §§ 1798.92, *et seq.* (the "CITL"). AFNI denies any violation of these statutes. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

## JURISDICTION AND VENUE

4. AFNI admits Plaintiff brings an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "RFDCPA"), and the California Identity Theft Law, Cal. Civ. Code §§ 1798.92, *et seq.* (the "CITL"). AFNI denies any violation of these statutes. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

5. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 5; therefore, it denies the same.

///

6. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6; therefore, it denies the same.

7. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 7; therefore, it denies the same.

## PARTIES

8. AFNI admits Plaintiff is a natural person. AFNI denies attempting to collect an unauthorized debt from Plaintiff. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 8; therefore, it denies the same.

9. AFNI admits Paragraph 9.

10. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, it denies the same.

14. AFNI admits that, as a corporation, it can only act through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, but only to the extent that they act upon and within their scope of authority.

## FACTUAL ALLEGATIONS

15. AFNI repeats the above responses as if fully set forth herein.

16. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 16; therefore, it denies the same.

17. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 17; therefore, it denies the same.

18. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, it denies the same.

19. AFNI admits that it attempted to collect an unpaid financial obligation owed by Plaintiff.

20. AFNI admits that it sent a letter to Plaintiff regarding the unpaid financial obligation at issue.

21. AFNI denies Paragraph 21 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 21; therefore, it denies the same.

22. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 22; therefore, it denies the same.

23. AFNI denies Paragraph 23 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 23; therefore, it denies the same.

24. AFNI denies Paragraph 24 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 24; therefore, it denies the same.

25. AFNI denies Paragraph 25 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 25; therefore, it denies the same.

26. AFNI denies Paragraph 26 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 26; therefore, it denies the same.

27. AFNI denies Paragraph 27 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 27; therefore, it denies the same.

**COUNT I**

28. AFNI repeats the above responses as if fully set forth herein.

29. AFNI admits Plaintiff brings an action under the California Identity Theft Law, Cal. Civ. Code §§ 1798.92, *et seq*. (the "CITL"). AFNI denies any violation of this statute. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

30. AFNI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 30; therefore, it denies the same.

31. AFNI denies Paragraph 31 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 31; therefore, it denies the same.

32. AFNI denies Paragraph 32 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 32; therefore, it denies the same.

33. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

34. AFNI denies Paragraph 34 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 34; therefore, it denies the same.

## COUNT II

35. AFNI repeats the above responses as if fully set forth herein.

36. AFNI denies Paragraph 36 as an incomplete and/or inaccurate statement of law.

37. AFNI denies Paragraph 37 as an incomplete and/or inaccurate statement of law.

38. AFNI denies Paragraph 38 as an incomplete and/or inaccurate statement of law.

39. AFNI admits Plaintiff is a natural person. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 39; therefore, it denies the same.

40. AFNI admits that at times it acts as a debt collector. However, AFNI lacks knowledge or information sufficient to determine whether it engaged in "debt

collection" or acted as a "debt collector" as defined by the FDCPA and/or RFDCPA in this particular matter; therefore, it denies the same.

41. AFNI denies Paragraph 41 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 41; therefore, it denies the same.

42. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

43. AFNI admits Plaintiff brings an action under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (the "RFDCPA"). AFNI denies any violation of this statute. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

## COUNT III

44. AFNI repeats the above responses as if fully set forth herein.

45. AFNI denies Paragraph 45 as an incomplete and/or inaccurate statement of law.

46. AFNI admits that at times it acts as a debt collector. However, AFNI lacks knowledge or information sufficient to determine whether it engaged in "debt collection" or acted as a "debt collector" as defined by the FDCPA and/or RFDCPA in this particular matter; therefore, it denies the same.

47. AFNI denies Paragraph 47 as an incomplete and/or inaccurate statement of law.

48. AFNI denies Paragraph 48 as to itself. AFNI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 48; therefore, it denies the same.

49. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

50. AFNI admits Plaintiff brings an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). AFNI denies any violation of this statute. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

## PRAYER FOR RELIEF

51. AFNI denies Plaintiff's prayer for relief and its subparts. AFNI further denies that Plaintiff is entitled to any relief or damages sought against it.

## TRIAL BY JURY

52. AFNI admits Plaintiff seeks a jury trial in this matter.

## AFFIRMATIVE DEFENSES

53. Any violation, if it occurred, was the result of bona fide error.

54. Plaintiff's damages, if any, were pre-existing damages not caused by AFNI.

55. Plaintiff has failed to mitigate damages if any.

56. Plaintiff proximately caused his own damages, if any.

57. Plaintiff's damages, if any, were caused by a third party over which AFNI had no control.

WHEREFORE, PREMISES CONSIDERED, Defendant AFNI, Inc. respectfully prays that Plaintiff take nothing herein, that AFNI be dismissed with their costs, and all other and further relief, at law or in equity, to which AFNI may be justly entitled.

Dated: November 3, 2022          **GOODMAN LAW FIRM, APC**

By: */s/ Brett B. Goodman*
Brett B. Goodman
Attorneys for Defendant
AFNI, Inc.

**CERTIFICATE OF SERVICE**

I certify that on November 3, 2022, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: November 3, 2022

By: _/s/ Brett B. Goodman_
Brett B. Goodman